MICHELE M. VERCOSKI (SBN 244010)
*mmv@mccunewright.com*
STEVEN A. HASKINS (SBN 238865)
*sah@mccunewright.com*
TUAN Q. NGUYEN, (SBN 312153)
*tqn@mccunewright.com*
**McCUNE ▪ WRIGHT ▪ AREVALO, LLP**
18565 Jamboree Road, Ste. 550
Irvine, California 92612
Telephone:  (909) 557-1250
Facsimile:  (909) 557-1275

Attorneys for Plaintiff
STEVEN VREBALOVICH dba V-WEST


JOEL R. MEYER (SBN 247620)
*joel.meyer@btlaw.com*
JOSEPH M. WAHL (SBN 281920)
*joseph.wahl@btlaw.com*
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California  90067
Telephone:  (310) 284-3880
Facsimile:   (310) 284-3894

Attorneys for Defendant
SPORTSENGINE, INC., AN NBC SPORTS GROUP COMPANY (previously dba SPORT NGIN)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| STEVEN VREBALOVICH dba V-WEST, ) | Case No: 8:20-cv-00507-DOC-ADS |
| Plaintiffs, ) | |
| vs. ) | |
| SPORTSENGINE, INC., AN NBC ) SPORTS GROUP COMPANY (previously ) dba SPORT NGIN) and DOES 1-50, ) inclusive ) | **STIPULATION FOR PROTECTIVE ORDER** |
| Defendants. ) | |

1
2
3
4

Pursuant to Local Rule 7.1 and Fed. R. Civ. P. 26(c), Plaintiff Steven Vrebalovich dba V-West and Defendant SportsEngine Inc. (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate that the Court may enter the following protective order:

5
6
7
8
9
10
11
12
13
14

**1.     Scope.**  All material produced or adduced in the course of discovery, including responses to discovery requests, deposition testimony and exhibits, the content of electronically stored information, tangible thing(s), writing, paper, model, photograph, film, videotape, transcript of oral testimony, whether printed, recorded or produced by hand or any other mechanical process and information derived directly therefore (hereinafter collectively "documents") shall be subject to this Stipulated Protective Order (hereinafter "Order") concerning Confidential Information as defined below.  This Order is subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

15
16
17
18
19
20
21
22
23
24
25
26
27

**2.     Confidential Information.**  For the purposes of this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.  All documents, testimony and other items designated as Confidential Information, and all copies, summaries, and reproductions of such information, are subject to this Stipulated Protective Order. Information or documents that are available to the public may not be designated as Confidential Information.

28

STIPULATION FOR PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**3.    Designation.**

a.    A party or third party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of production of disclosure of the document(s).  Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b.    Confidential Information may be referred to by a party in notices, motions, briefs or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action.  No such information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, is done pursuant to the provisions of Paragraph 8.

i.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Produced Pursuant to Protective Order" on each page of any Document containing such designated Confidential Information.

- 3 -

ii.    For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" Or "Produced Pursuant to Protective Order."

iii.    If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

c.    The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order. Inadvertent or unintentional production of documents or information containing Confidential Information that are not designated "Confidential" shall not be deemed a waiver, in whole or in part, of a claim for Confidential treatment.

**4.**    **Depositions.**  For Testimony given in depositions, the Designating Party may either:

a.    identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

b.    designate specific portions of the Testimony as to which protection is sought by serving a Notice of Designation to all parties of record within 30 days following receipt of the deposition transcript.  Thereafter, those portions identified in the Notice of Designation shall be protected under the terms of this Order.

c.    The failure to serve a timely Notice of Designation waives any designation of deposition Testimony as Confidential

- 4 -

1
2

Information made on the record of the deposition, unless otherwise ordered by the Court.

3

**5.      Protection of Confidential Material.**

4

a.      General Protections.  Confidential Information shall not be used

5

or disclosed by the parties, counsel for the parties or any other persons identified in

6

subparagraph (b) for any purpose whatsoever other than in this litigation, including

7

any appeal thereof.

8

b.      Limited Third-Party Disclosures.  The parties and counsel for

9

the parties shall not disclose or permit the disclosure of any Confidential

10

Information to any third person or entity except as set forth in subparagraphs (1)-

11

(9). Subject to these requirements, the following categories of persons may be

12

allowed to review Confidential Information:

13
14

(1)      Counsel.  Counsel for the parties and employees of counsel with responsibility for the action;

15
16
17
18

(2)      Parties.  Individual parties and employees or other agents of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

19

(3)      The Court and its personnel;

20

(4)      Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

21
22
23
24

(5)      Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

25
26
27
28

(6)      Consultants and Experts.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in **Exhibit A,**

Acknowledgment of Understanding and Agreement to Be Bound. Counsel for all parties to this action shall maintain such certifications and shall make copies available to opposing counsel upon request during the action.

(7)     Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)     Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9)     Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c.     Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of this case. If a document containing Confidential Information is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it. The party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and request all copies be returned. If a party learns that it has inadvertently

- 6 -

disclosed or produced a protected document so designated by another party, the party who has inadvertently disclosed or produced the protected document shall immediately notify the designating party.

**7.      Inadvertent Failure to Designate.**  An inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material.  If any disclosure or discovery material is appropriately designated as "Confidential" after the material was initially produced, the receiving party, on notification of the designation, must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

**8.      Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 79-5.

**9.      Personal Jurisdiction.**  Any person who reviews the Confidential Information produced subject to this Stipulated Protective Order agrees to the jurisdiction over their person where the above-captioned matter is pending for the purposes of any action seeking to enforce the terms of this Stipulated Protective Order or any action for contempt for violation of the terms of this Stipulated Protective Order.

**10.     Challenges by a Party to Designation as Confidential Information.** Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party or third party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge after the original designation is disclosed. A party or third party that elects to initiate a challenge to a designating party's confidentiality designation must first confer in good faith with counsel for the designating party, who must likewise confer in good faith.  In conferring, the challenging party must

explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. Only after the meet and confer process has been completed may a party seek Court intervention.  Until the issue of confidentiality is resolved, either through mutual agreement of the parties or by court intervention, documents designated as Confidential Information shall remain Confidential.  The burden is upon the designating party to establish that the specific item claimed to be Confidential Information is confidential.

     **11.     Order Subject to Modification.**  If any party wishes to modify this Stipulated Protective Order or its application to certain documents or information, that party shall first request such modification from the party producing Confidential Information and if no satisfactory agreement is reached, may petition the court for modification.  Until modification is granted by agreement and/or order, the terms of this Stipulated Protective Order will govern.  Provision for use of such information at trial shall be similarly made by agreement or by pretrial order governing the use and protection of the record.

     **12.     Use of Confidential Documents or Information at Trial.**  Absent further order of the Court with respect to treatment of Confidential Information at trial, this Stipulated Protective Order shall not apply to any materials once they are introduced at trial and made part of the trial record in this case.

     **13.     No Greater Protection of Specific Documents.**  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery solely on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection. This Stipulated Protective Order shall not be deemed to waive any claim of attorney-client or work product privilege that might exist with respect to these or any other documents or communications, written or oral, including, without

- 8 -

limitation, other communications referred to in any documents that a party may produce.

    **14.    Obligations on Conclusion of Litigation.**

    a.    Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal, except with respect to those documents and information that become a matter of public record.

    b.    Unless otherwise ordered or agreed in writing by the designating party, after the final termination of this litigation, including any appeals, if a designating party requests in writing the return or destruction of any or all of its protected material to the receiving party, within twenty (20) business days of such request, the receiving party must submit written confirmation to the designating party that all protected material was returned or destroyed, including any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the protected material.  Notwithstanding this provision, counsel may retain an archival set of copies of protected material and is not required to return or destroy his or her work product materials created during the course of the litigation.  Any such archival copies that contain or constitute protected material remain subject to this Protective Order.

    **15.    Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms, and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.  Failure to abide by the terms of this Stipulated Protective Order may result in a motion for sanctions, costs, and attorney's fees, and any other appropriate legal action by or on behalf of any party.  After termination of this Action, the provisions of this Order shall continue

to be binding, except with respect to those documents and information that become
a matter of public record.

**IT IS SO STIPULATED**, through Counsel of Record:


Dated:  August 28, 2020                    **MCCUNE WRIGHT AREVALO LLP**


                                            By:/s/ Michele M. Vercoski
                                            Michele M. Vercoski
                                            Steven A. Haskins
                                            Tuan Q. Nguyen
                                            Attorneys for Plaintiff
                                            V-WEST


Dated:  August 28, 2020                    **BARNES & THORNBURG LLP**


                                            By:/s/ Joseph M. Wahl
                                            Joel R. Meyer
                                            Joseph M. Wahl
                                            Attorneys for Defendant
                                            SPORTSENGINE, INC., AN NBC
                                            SPORTS GROUP COMPANY
                                            (previously dba SPORT NGIN)

STIPULATION FOR PROTECTIVE ORDER

## EXHIBIT "A"

**[ATTACH FULLY EXECUTED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER TO THIS AFFIDAVIT]**

STATE OF _____ )
                             ) ss.
COUNTY OF _____ )


I, _____, declare under penalty of perjury under
     (insert name of recipient of the documents)
the laws of the **[IDENTIFY STATE/United States of America]** that the following is true
and correct:

    1.    My full name and business address are:

_____.

    2.    I have read and fully understand the attached Stipulated Confidentiality
Agreement and Protective Order.

    3.    I am familiar with and agree to comply with and be bound by the provisions
of said Stipulated Confidentiality Agreement and Protective Order, and submit to the
jurisdiction of the court in which this matter is pending for any proceedings with respect to
said Stipulated Confidentiality Agreement and Protective Order.

    4,    I will not discuss or divulge to persons, other than those specifically
authorized by this Stipulated Confidentiality Agreement and Protective Order, and will not
copy or use, except solely for the purposes of this action and for no other purposes, any
documents, materials or information obtained pursuant to said Stipulated Confidentiality
Agreement and Protective Order.

    EXECUTED this _____ day of _____, 2020.


_____
Signature of Declarant

1
STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph M. Wahl, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated:        August 28, 2020                         /s/Joseph M. Wahl

                                                                      Joseph M. Wahl

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:    September 1, 2020                         /s/ Autumn D. Spaeth

                                                             United States Magistrate Judge

2

STIPULATED PROTECTIVE ORDER